UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF TENNESSEE
AT GREENEVILLE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | No. 2:16-CR-00033-1-DCLC-CRW |
| | ) | |
| JOSHUA LLOYD POWERS | ) | |

**MEMORANDUM OPINION AND ORDER**

This matter is before the Court on Defendant Joshua Lloyd Powers's letter [Doc. 134], which the Court construes as a motion for early termination of supervised release. In 2016, Mr. Powers pleaded guilty to conspiring to distribute and possess with the intent to distribute fifty grams or more of methamphetamine in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(A) and 21 U.S.C. § 846. [Plea Agreement, Doc. 34, at 1]. The Court sentenced him to a hundred months' imprisonment and a five-year term of supervised release. [J., Doc. 93, at 2–3].

Now, in support of his motion for early termination of his term of supervised release, he notifies the Court that he has maintained employment, bought a car, closed on a house, and has "had no violations, no missed or failed drug tests, and no issues of any kind." [Def.'s Mot. at 1]. He maintains that he is "rehabilitated" and "committed to living the rest of [his] life as a responsible, contributing citizen." [*Id.*]. He has also filed five letters in support of his motion for early termination: one from the president of C&C Millwright, where he is employed; one from the chief executive officer of C&C Millwright; one from the superintendent of C&C Millwright; one from the operations manager of C&C Millwright; and one from his mother— all of whom speak highly of him. [Def.'s Letters, Doc. 134-1, at 1–6].

The United States Probation Office, however, does not recommend early termination of Mr. Powers's supervised release. [U.S. Probation Office's Resp. (on file with the Court)]. The

Probation Office informs the Court that Mr. Powers recently tested presumptively positive for cocaine, but notes he has otherwise complied with his terms of supervision [*Id.*]. According to the Probation Officer, Mr. Powers admitted to using cocaine while out of town for work, and citing his history of substance abuse, the Probation Office believes that he "would benefit from continued supervision in order to monitor his sobriety." [*Id.*]. Having consulted with the Probation Office, the United States Attorney's Office opposes Mr. Powers's motion for early termination, citing his positive drug test, [United States's Resp., Doc. 135, at 2], which violates the terms of his supervised release, [J. at 3].

The decision to terminate a defendant's supervised release lies exclusively in the Court's discretion. *United States v. Atkin*, 38 F. App'x 196, 198 (6th Cir. 2002). Once a defendant has completed one year of a term of supervision, the Court may—in its discretion—terminate the remainder of that term if, after considering 18 U.S.C. § 3553(a)'s factors, "it is satisfied that such action is warranted by [1] the conduct of the defendant released and [2] the interest of justice." 18 U.S.C. § 3583(e)(1). Mr. Powers has the burden of establishing that his conduct warrants early termination of his supervision. *United States v. Key*, 602 F.3d 492, 494 (2d Cir. 2010); *Atkin*, 38 F. App'x at 198.

As an initial matter, the fact that Mr. Powers has maintained a job and otherwise reassimilated himself into society does not—in and of itself—guarantee early termination of his supervision. *See United States v. Campbell*, No. 05-6235, 2006 WL 3925588, at *1 (6th Cir. July 25, 2006) ("Early termination is a discretionary decision warranted in cases of changed circumstances, such as where the defendant exhibits 'exceptionally good behavior.'" (quotation omitted)); *see also United States v. Laine*, 2010 WL 5173850, at *2 (3d. Cir 2010) (recognizing that "early termination of supervised release . . . should occur only when the sentencing judge

2

is satisfied that something exceptional or extraordinary warrants it," and "[s]imple compliance with the conditions of supervised release are expected and not exceptional"); *United States v. Pruitt*, No. 06-30062, 2014 WL 4270008, at *3 (C.D. Ill. Aug. 28, 2014) ("[M]any district courts and other Courts of Appeals have held that the conduct of the defendant necessary to justify early termination should include something more than just following the rules of supervision, such as 'new and unforeseen circumstances, or where the defendant's behavior has been exceptionally good.'" (quotation omitted)); *United States v. Etheridge*, 999 F. Supp. 2d 192, 197 (D.D.C. 2013) ("[A] defendant must show something 'of an unusual or extraordinary nature' in addition to full compliance." (quotation omitted)).

The Court is not satisfied that Mr. Powers's conduct—commendable though it is—and the interest of justice warrant early termination of his supervision at this time. He has failed to provide the Court with any facts or circumstances—beyond his general compliance with his terms of supervision—that justify early termination. The continuation of his supervision is necessary to promote respect for the law, deter him from engaging in criminal conduct, and protect the public from further criminal conduct, especially in light of his recent drug-seeking behavior. 18 U.S.C. § 3583(e)(1).

His motion for early termination of supervised release is therefore **DENIED**, and in denying his motion, the Court has considered all of the relevant § 3553(a) factors under 18 U.S.C. § 3583(e)(1), as well as the letters he filed in support of his motion. *See United States v. Suber*, 75 F. App'x 442, 444 (6th Cir. 2003) (rejecting an argument that a district court, when denying a request for early termination, has to present more than a general statement of its reasons under § 3553(a)'s factors); *see also United States v. Gammarano*, 321 F.3d 311, 315–

16 (2d Cir. 2003) ("[A] statement that [the district judge] has considered the statutory factors is sufficient." (quotation omitted)).

**SO ORDERED:**

s/ Clifton L. Corker<br>
United States District Judge